# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

KENNETH ROSE,

|  |  |  |
|---|---|---|
|  | : |  |
| Petitioner, |  | Case No. 1:11-cv-700 |
|  | : | District Judge S. Arthur Spiegel |
| -vs- |  | Magistrate Judge Michael R. Merz |
| STATE OF OHIO et al., |  |  |
|  | : |  |
| Respondents. |  |  |

---

# REPORT AND RECOMMENDATIONS

---

This is a habeas corpus case brought pro se by Petitioner Kenneth Rose to obtain relief

from his convictions and thirty-year sentence in the Hamilton County Common Pleas Court.

Rose pled guilty to nine counts of rape and eleven counts of unlawful sexual conduct with three

minor victims in Case No. B-0809056 (the "056 case").  In Case No. B-0904-691 (the "691

case"), he pled guilty to one count of unlawful sexual conduct with a different minor victim.

Petitioner pleads the following grounds for relief:

> **GROUND ONE**: Trial court erred to the prejudice of the defendant
> by denying his motion to withdraw his guilty pleas. Conviction
> obtained by plea of guilty which was unlawfully induced or not
> made voluntarily.
>
> **Supporting Facts**: Trial counsel for defendant submitted an
> affidavit to the court and attached to his motion to withdraw guilty
> pleas that, based on the trial judge's statements prior to his pleas of
> guilty, Mr. Rose was told he would receive 15 years, then no more
> than 20 years incarceration. When he was indicted on the new case,
> Case No. B-0904691, other representations were made to him that a
> plea of guilty to this case would not increase his prison sentence.

1

Trial counsel also assured Defendant that Defendant would be eligible for Judicial Release. Defendant was NOT present at hearing to withdraw pleas to speak.

**GROUND TWO**: Denied the effective assistance of counsel guaranteed by the Sixth Amendment.

**Supporting Facts**: Defense counsel made erroneous representations which were instrumental in inducing guilty pleas. Trial counsel submitted an affidavit to the court and attached to Rose's motion to withdraw guilty pleas that, based on the trial Judges statements prior to his pleas of guilty, Mr. Rose was told he would receive 15 years, then no more than 20 years of incarceration but would be eligible for Judicial Release. When Rose was to be sentenced on July 9, 2009, the detective insisted that he wanted to prosecute an additional charge, Case B-0904691, but the prosecutor insisted that a plea of guilty to the new charge would not increase the prison sentence. Trial counsel convinced Rose to plea guilty on the new charge promising it would result in no additional sentence.

**GROUND THREE**: Denied effective assistance of Appellant [sic] Counsel.

**Supporting Facts:**
1. Trial court record, upon which the Court of Appeals reviewed, was incomplete because of ineffective assistance of Appellant counsel before and during hearing to withdraw guilty pleas. See Court of Appeals C-090609 App. R. 26(B) motion to reopen.

2. Appellate counsels [sic] failed to bring errors forth in motion for reconsideration

3. Trial counsels affidavit which detailed his erroneous representations made to defendant to induce guilty pleas, is void of certain agreed facts, and includes contested facts due to appellate counsel not reviewing affidavit with defendant prior to submission to trial court, etc.

**GROUND FOUR**: Trial court abused discretion in imposing excessive sentences – 8th Amend.

**Supporting Facts:**
- Defendant received the maximum sentence for each count despite the court ordered court clinical findings favorable to Ohio Revised

2

> Code 2929 Section Sentencing Factors Favoring Minimum
> sentence.
> - Improper characterizations were made at hearing to withdraw
> pleas – Defendant was absent that hearing
> - Trial court increased sentence to "North of 20" before
> commencement of sentencing hearing despite favorable PSI
> - Contested facts were introduced at sentencing hearing
> - 2009 case was promised to result in no additional incarceration for
> guilty pleas – max. received.

(Petition, Doc. No. 3).   On Order of Judge Litkovitz, to whom this case was originally assigned,

the Respondents have filed a Return of Writ (Doc. No. 13).   Although Judge Litkovitz set a date

for Petitioner to file a reply/traverse to the Return of Writ, Petitioner has not done so and the time

has expired.   The case is therefore ripe for decision on the merits.

## Procedural History

Petitioner was indicted in the 056 case in November, 2008.   On May 20, 2009, he

withdrew his not guilty pleas and pled guilty to all twenty counts.   The trial judge ordered a

presentence investigation and set sentencing for July 9, 2009.   Before that date, the grand jury

returned the new indictment in the 691 case.   Sentencing for both cases occurred on July 24, 2009,

resulting in the thirty year sentence at issue here.

Represented by new counsel, Petitioner moved on August 20, 2009, to withdraw his guilty

pleas on grounds they were no voluntarily made because they were induced by erroneous

representations of his first counsel.   That motion was denied and Petitioner appealed to the First

District Court of Appeals raising as assignments of error (1) the failure to allow withdrawal of the

pleas, (2) ineffective assistance of trial counsel in advising him he would likely receive a twenty

3

year sentence and would be eligible for judicial release, and (3) abuse of discretion in imposing the sentence.  The court of appeals affirmed the trial court's judgment on June 2, 2010.  Through new counsel, Petitioner timely appealed to the Ohio Supreme Court, but that court declined jurisdiction.  Petitioner also filed a pro se motion for delayed appeal to the Ohio Supreme Court which was denied.

On August 31, 2010, Petitioner applied pro se to reopen his direct appeal.  He appealed its denial to the Ohio Supreme Court which again declined to exercise jurisdiction.  He then filed the instant Petition.

## Analysis

### First Ground for Relief:   Involuntary Plea

In his First Ground for Relief, Petitioner asserts that the trial court erred by denying his post-sentencing motion to withdraw his guilty plea.  As Respondent notes, the first part of this claim – error in denying the motion to withdraw – is a question of state law.  A federal habeas court can only grant relief if a prisoner is confined in violation of the United States Constitution. 28 U.S.C. §2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).   Therefore the Court will not consider whether, as a matter of state law, the Common Pleas Court should have granted the motion to withdraw the guilty pleas.

4

However, Petitioner's First Ground for Relief does present a federal question: were his guilty pleas knowing, intelligent, and voluntary. If they were not, then he cannot be confined on convictions based on those pleas. Mr. Rose raised this claim on direct appeal and it was decided against him by the court of appeals which held:

> Rose first argues that his guilty pleas were not entered voluntarily because he tendered the pleas on the understanding that the trial court had promised defense counsel, who conveyed the promise to Rose, that the trial court would impose a 20-year prison term if Rose pleaded guilty to the offenses in both cases. According to Rose, the trial court then reneged on its promise and imposed a 30-year term.
>
> The record, however, belies Rose's claim. While defense counsel acknowledged in an affidavit that he had told Rose the likely sentence would be 20 years, he also stated that he informed Rose that the trial court "was in no way required to give that sentence, and [that] in this case, there was not an agreed sentence recommendation before him." Thus, defense counsel told Rose that, in his opinion, the trial court would likely impose the 20-year sentence, but that it was in no way required to do so. The trial court, furthermore, informed Rose during both plea colloquies that he was facing a maximum term of 100 years in prison for the offenses in the case numbered B-0809056 and a maximum term of five years in prison for the offense in case numbered B-0904691. Rose told the court that he understood the potential sentences. He further admitted that no one had promised him anything in return for his guilty pleas to the charges. At the hearing on Rose's motion to withdraw his guilty pleas, the trial court stated that any discussion it had had with the parties in chambers regarding potential sentences were always contingent on the presentence-investigation report and the sentencing hearing. The trial court further stated that Rose's lack of remorse and his attempts to rationalize his crimes at the sentencing hearing caused it to impose a longer term. Because the record does not support Rose's claim that he pleaded guilty to the offenses based upon the promise of a 20-year prison term, the trial court did not abuse its discretion in denying his motion to withdraw his guilty plea on that basis.
>
> Rose also argues that his pleas were not voluntarily made because his attorney misinformed him about his eligibility for judicial release. He relies on *State v. Johnson*, 182 Ohio App. 3d 628,

5

2009-Ohio-1871, 914 N.E. 2d 429. In that case, the Fourth Appellate District overturned a guilty plea where the trial court, the state, and defense counsel had mistakenly made affirmative representations about the defendant's eligibility for judicial release, and those representations were instrumental in inducing is guilty plea. *Id*. . at ¶¶ 12-19. In this case, however, there is simply no evidence to suggest that Rose's belief that he would be eligible for judicial release induced his guilty plea. While defense counsel's affidavit stated that he had told Rose that he would be eligible for judicial release, it also stated that he had "repeatedly g[iven] [his] opinion that [Rose] would not be granted judicial release." Neither the trial court nor the state mentioned judicial release during either plea colloquy. See *State v. Simmons,* 1st Dist. No. C-050817, 2006-Ohio-5760, at ¶ 13 (holding that the trial court is under no obligation to inform a defendant about judicial release unless it is incorporated into a plea agreement). In light of defense counsel's statements and the trial court's and the state's silence on the subject, Rose could not have entertained any realistic expectation of judicial release. See *State v. Sheeks*, 6th Dist. No. WD-09-031, 2010-Ohio-94, at ¶¶ 11-19. As a result, the trial court did not abuse its discretion in denying Rose's motion to withdraw his guilty plea on this basis. We, therefore, overruled his first assignment of error.

*State v. Rose*, Case No. C-090609 (Ohio App. 1st Dist. June 2, 2010)(unreported, copy at Return of Writ, Doc. No. 13, Ex. 13, at PageID 173-175.)

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

A voluntary and intelligent plea of guilty made by an accused person who has been advised by competent counsel may not be collaterally attacked. *Mabry v. Johnson*, 467 U.S. 504 (1984). A plea of guilty or no contest is valid if it is entered voluntarily and intelligently, as determined by

6

the totality of the circumstances.  *Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *King v. Dutton*, 17 F.3d 151 (6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991); *Berry v. Mintzes,* 726 F.2d 1142, 1146 (6th Cir. 1984).   The determination of whether this plea was intelligently made depends upon the particular facts and circumstances of each case.  *Johnson v. Zerbst,* 304 U.S. 458, 463 (1938); *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

A state court finding that the plea was proper is accorded a presumption of correctness, unless the transcript of the plea proceeding is inadequate to demonstrate that the plea was voluntary, intelligent and knowing.  *Stumpff v. Mitchell,* 372 F.3d 821 (6th Cir. 2004), citing *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993); *Dunn v. Simmons*, 877 F.2d 1275, 1277 (6th Cir. 1989), *overruled on other grounds by Parke v. Raley*, 506 U.S. 20 (1992).

"[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations made in open court carry a strong presumption of verity."  *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Having reviewed the decision of the First District Court of Appeals, this Court cannot say that it is based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings or contrary to or an objectively unreasonable application of Supreme Court precedent.   Mr. Rose solemnly represented on the record in open court that he had not been promised a twenty-year sentence.  If his trial attorney had made such a promise and Mr. Rose relied on it, then he lied in open court when he said there was no such promise.  As it turns out, as shown in the Return of Writ, Mr. Rose is legally eligible for judicial release, so he did not make a

mistake when he told Rose that.   The record is also clear that he told Mr. Rose it was unlikely he would be given judicial release and there is no showing that was bad advice.

Because the state court decision is entitled to deference under 28 U.S.C. § 2254(d)(1), the First Ground for Relief should be dismissed with prejudice.

### Second Ground for Relief:   Ineffective Assistance of Trial Counsel

In his Second Ground for Relief, Petitioner asserts that he received ineffective assistance of trial counsel because his counsel "made erroneous representations which were instrumental in inducing guilty pleas," essentially that his sentence would be no more than twenty years and that he would be eligible for judicial release.

To the extent Mr. Rose relies on facts, summarized in his Petition under "Supporting Facts" for this Ground for Relief, which were not in the record on direct appeal, the Warden objects to their consideration (Return of Writ, Doc. No. 13, PageID 90).   That objection is well taken.   If there are facts outside the record on which a state criminal defendant wishes to rely to show a constitutional violation, he must bring them into the record by filing a petition for post-conviction relief under Ohio Revised Code § 2953.21.   Mr. Rose has not done so and the time within which he could do so under Ohio law has long since expired.   Thus this Court is limited to the facts which were of record at the time of direct appeal.

Mr. Rose raised this claim as his second assignment of error on direct appeal.   In deciding that assignment, the court of appeals wrote:

> In his second assignment of error, Rose argues that he was denied
> the effective assistance of counsel guaranteed by the Sixth

8

Amendment, because defense counsel erroneously told him (1) he would only serve a 20-year prison term and (2) that he would be eligible for judicial release.

To demonstrate ineffective assistance of counsel, Rose "must show that there is a reasonable probability, that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart* (1985), 474 U.S. 52, 59, 106 S.Ct. 366; see, also, *State v. Xie* (1992), 62 Ohio St.3d 521, 524, 584 N.E.2d 715. But our decision with respect to the first assignment of error precludes that showing. See *State v. Pate,* 8th Dist. No. 90313, 2008-Ohio-5736, at ¶¶15-17; see, also, *State v. Mitchell,* 11th Dist. No. 2004-T-0139, 2006-Ohio-618, at ¶¶22-23. As a result, we overrule Rose's second assignment of error.

*State v. Rose, supra*, at PageID 175.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice.  *Berghuis v. Thompkins,* ___ U.S. ___, ___, 130 S.Ct. 2250, 2255 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

9

> Judicial scrutiny of counsel's performance must be highly deferential. . . .   A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.   Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance;   that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694.   *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177, 1184 (6th Cir. 1987). "The likelihood of a different result must be substantial, not just conceivable."   *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 792 (2011).   *Hill v. Lockhart*, cited by the court of appeals, applies the Strickland standard in a guilty plea situation.

As the court of appeals' ruling on the first assignment of error demonstrates, there was no failure on trial counsel's part to convey accurate legal information:   Mr. Rose was and is eligible for judicial release.   To the extent Mr. Rose claims his trial attorney promises him a twenty-year sentence, that promise is not demonstrated by any evidence of record and it is contrary to Mr. Rose's solemn declaration in open court that no promises had been made.

10

The court of appeals decision on the second assignment of error is neither contrary to nor an objectively unreasonable application of *Strickland v. Washington* or *Hill v. Lockhart*. Therefore the Second Ground for Relief should be dismissed with prejudice.

### Ground Three:   Ineffective Assistance of Appellate Counsel

In his Third Ground for Relief, Mr. Rose claims he received ineffective assistance of appellate counsel.

A criminal defendant is entitled to effective assistance of counsel on direct appeal of right, just as he is at trial.  *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008).  The *Strickland* test applies to appellate counsel.  *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987).  To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), citing   *Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008).

Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id. citing Wilson.*  If a reasonable probability exists that the defendant would have prevailed had the claim been raised on appeal, the court still must consider whether the claim's merit was so compelling that the failure to raise it amounted to ineffective assistance of appellate counsel. *Id. citing Wilson.* The attorney need not advance every argument, regardless of merit, urged by the appellant.  *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983)("Experienced advocates

since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." 463 U.S. 751-52). Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003). *Williams v. Bagley,* 380 F.3d 932, 971 (6th Cir. 2004)*;See Smith v. Murray*, 477 U.S. 527 (1986).   "To prevail on a claim of ineffective assistance of appellate counsel, a petitioner must show that appellate counsel ignored issues [which] are clearly stronger than those presented." *Webb v. Mitchell,* 586 F.3d 383, 399 (6th Cir, 2009); *Smith v. Robbins*, 528 U.S. 259, 288 (2000), *quoting Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986).

In his first claim of ineffective assistance of appellate counsel, Mr. Rose claims his appellate attorney, who became his counsel at the stage of attempting to withdraw the guilty pleas, was ineffective because the trial court record was incomplete.   His third claim he also adverts to the incompleteness of his first trial attorney's affidavit at the guilty plea withdrawal stage.   These are both essentially claims of ineffective assistance of trial counsel because they occurred in the trial court while the record for appeal was still being made, although they relate to the attorney who was apparently retained to pursue the appeal.   To the extent these two sub-claims complain of evidence or potential evidence that was not made a part of the record, Petitioner has not shown his entitlement to relief because (1) he has not disclosed what those facts are and (2) he never filed a petition for post-conviction relief to bring those facts into the record.   Thus those two sub-claims should be dismissed with prejudice.

The second sub-claim, as best the Court understands, relates to the matters which were raised by Petitioner in his Motion for Reconsideration and Correction in the court of appeals.

12

This is the only document of which this Court is aware which was labeled a "motion for reconsideration," although that characterization only appears in Mr. Rose's pro se motion for delayed appeal to the Ohio Supreme Court.

Mr. Rose received a merits decision on this Motion, albeit a cursory one (Court of Appeals Entry, Return of Writ, Doc. No. 13, Ex. 16, PageID 179.)   The question before this Court, then, is whether that decision is objectively unreasonable.   Although the Warden asserts this Ground for Relief is not sufficiently well-pled to meet habeas corpus pleading standards (Return of Writ, Doc. No. 13, PageID 76-80), the Court believes it can sufficiently discern the claim being made to rule on the merits.   Pro se litigants are entitled to a liberal construction of their pleadings.   *Williams v. CSX Transportation Co., Inc.,* 643 F.3d 502, 510 (6th Cir. 2011) citing *Federal Exp. Corp. V. Holowecki,* 552 US. 389, 402 (1998); see also, *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *McNeil v. United States,* 508 U.S. 106, 113 (1993).

The issues actually raised on appeal appear in the Brief of Defendant-Appellant (Return of Writ, Doc. No. 13, Ex. 11, PageID 136-144).   Three assignments of error were raised:   (1) the refusal to permit withdrawal of the guilty pleas, (2) ineffective assistance of trial counsel, and (3) that the sentence was excessive.   In contrast, the Motion to Amend Judgment Errors and Ommissions [sic] and Modify, characterized in the Petition as a motion for reconsideration, does not suggest any different or additional assignments of error which could or should have been raised.   Instead, Mr. Rose seems to be complaining that his appellate counsel abandoned him at this point and failed or refused to file the motion over the attorney's signature.

Mr. Rose has failed to demonstrate that it would have made any difference if his attorney had filed the motion on his behalf instead of forcing him to proceed pro se.   None of the seven

13

points made in the motion persuaded the court of appeals to change its decision and Mr. Rose fails

to argue how it would have been better if an attorney had signed the motion.

Moreover, nothing in the seven points made by Mr. Rose seems to present an issue which

should have persuaded the court of appeals to change its decision.   Many of the points relate to

another case, *State v. Stephen Hill*, that Rose believes is comparable or to the Court Clinic's

evaluation of Mr. Rose.   But authority to sentence in Ohio is committed to judges, not probation

departments and their ancillary service providers.   Nor are judges bound to sentence in a way

which meets a defendant's expectations, based on what the defendant believes is a comparable

case.

The one point in the seven which might have formed the basis of an assignment of error

was the fact that Mr. Rose was not present for the hearing on his motion to withdraw his guilty

plea.   Nothing in the record shows that his counsel sought to have him present, so there is no

evidence the Common Pleas Court violated Ohio R. Crim. P. 43.   Nor is there evidence to support

a claim that it was ineffective assistance of trial counsel to fail to have him present.   It would have

been obvious to his new attorney that Petitioner's speaking on his own behalf did little to help his

case and had resulted in a more severe sentence than had been expected.   New counsel had a very

favorable affidavit from prior counsel (although not as good as Mr. Rose believes it could have

been).   It could well have been a wise strategic decision to present this matter to the trial court on

paper rather than risking what looks like a pretty good motion to withdraw, compared with many

this Court has reviewed.

14

Because Petitioner had not shown the court of appeals rulings related to his Ground Three for Relief are contrary to or an objectively unreasonable application of clearly established Supreme Court precedent, the third ground should be dismissed with prejudice.

### Ground Four:   Excessive Sentence

In his Fourth Ground for Relief, Mr. Rose claims he received an excessive sentence. Because he never filed a reply/traverse to the Return of Writ, the Court does not have the benefit of any response by him to the Warden's position that this claim is not cognizable in habeas corpus. That argument is correct so far as it goes.  In his Brief on Appeal, Mr. Rose argued through counsel that the sentence was an abuse of discretion (Brief, Return of Writ, Doc. No. 13, Ex. 11, PageID 142-143.)  That is not a federal constitutional claim.  To put it another way, a trial judge's abuse of discretion, so long as he or she sentences within the maximum allowed by law, is not reviewable in federal habeas corpus.   *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).

In pleading this Ground for Relief, Mr. Rose mentions the Eighth Amendment which does prohibit cruel and unusual punishment.  However, there is no reference at all to the Eighth Amendment (or any other Clause of the United States Constitution) in the Brief on direct appeal. Thus the constitutional claim under the Eighth Amendment was never fairly presented to the state courts; all the argument in the Brief is based on Ohio statutory law.

To preserve a federal constitutional claim for presentation in habeas corpus, the  claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis

15

of the claim.  *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

Merely using talismanic constitutional phrases like "fair trial" or "due process of law," or in this case "excessive" does not constitute raising a federal constitutional issue.  *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)(same). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995).

Because the Eighth Amendment claim was not fairly presented to the state courts, it is waived for purposes of federal habeas corpus.  But even if the Court could reach the merits, it would not find the claim persuasive.  The Eighth Amendment does not require a strict proportionality between the crime and sentence.  Rather, it only prohibits "extreme sentences that are 'grossly disproportionate' to the crime."  *Harmelin v. Michigan,* 501 U.S. 957 (1991)(plurality opinion); *United States v. Marks,* 209 F.3d 577, 583 (6th Cir. 2000).  A sentence within the statutory maximum generally does not constitute cruel and unusual punishment.  *Austin v. Jackson,* 213 F. 3d 298 (6th Cir. 2000); *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995).

16

In this case Rose was convicted of nine first-degree felonies carrying a minimum sentence of three years and a maximum of ten.   The unlawful sexual conduct with a minor in the '691 case carried a minimum sentence of one year and a maximum of five.   Thus if the judge had imposed the minimum sentence for each rape count plus the minimum sentence in the '691 case, the sentence would have been twenty-eight years.   In his Brief on direct appeal, Rose argued the sentence was three times the maximum for one count of rape (PageID 143).   But Rose did not commit one act of rape of a minor, but nine.

Mr. Rose emphasizes that he got a favorable report from the Court Clinic.   However, the record is clear that the trial judge took into account the fact that he minimized the harm he had done at sentencing, a fact which rationally supports a prediction of recidivism.   The degree of harm done by adult sexual predation on minors has long been minimized in American culture, but the repeated testimony over the last decade of long-term trauma suffered by a significant number of the teenage victims of Catholic priest sexual offenders has begun to lead to a re-evaluation of that harm.   Whether that change played any part in the trial judge's thinking is not reflected in the record, but it is certainly a fact this Court may take into account in deciding that the sentences imposed here were not violative of the Eighth Amendment.

Accordingly, the Fourth Ground for Relief should be dismissed with prejudice.

## Conclusion

In accordance with the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice.   Because reasonable jurists would not disagree with this

17

conclusion, it is also recommended that Petitioner be denied a certificate of appealability and this

Court certify that any appeal would not be taken in objective good faith and should not be

permitted to proceed *in forma pauperis*.

July 20, 2012.


s/ *Michael R. Merz*
United States Magistrate Judge


## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.   Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections.   If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections within fourteen days after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).