# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

KENNETH ROSE,

:

    Petitioner,  Case No. 1:11-cv-700

:   District Judge S. Arthur Spiegel
-vs-  Magistrate Judge Michael R. Merz

STATE OF OHIO et al.,

:

    Respondents.

## DECISION AND ORDER

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 22) to the Magistrate Judge's Report and Recommendations (Doc. No. 17). Petitioner has also filed a Motion for Appointment of Counsel (Doc. No. 23), a Motion for Discovery (Doc. No. 24), a Motion to Expand the Record (Doc. No. 25), and a Motion for Evidentiary Hearing (Doc. No. 26), each of which incorporates by reference the Objections.

The Motion for Appointment of Counsel is denied on the same basis that the Court previously denied appointment of counsel (See Doc. No. 16).

In the Motion for Discovery, Petitioner merely states he wants discovery "to properly develop the claims posed in Petitioner's Objections to Report and Recommendations since the State withheld Brady materials." (Doc. No. 24, PageID 380). A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules Governing §2254 Cases; *Bracy v. Gramley*, 520

U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000). Before determining whether discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought. *Bracy*, 520 U.S. at 904, *citing United States v. Armstrong*, 517 U.S. 456, 468 (1996). The burden of demonstrating the materiality of the information requested is on the moving party. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), *cert. denied,* 537 U.S. 831 (2002), *citing Murphy v. Johnson,* 205 F. 3rd 809, 813-15 (5th Cir. 2000). "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003), *cert. denied,* 543 U.S. 842 (2004), *quoting Stanford*, 266 F.3d at 460. All that Petitioner has done in his Motion for Discovery is to make a conclusory allegation that the State has withheld materials which it should have disclosed under *Brady v. Maryland*, 373 U.S. 83 (1963). There is no Ground for Relief pled in the Petition under *Brady*. The Motion for Discovery is denied.

In his Motion to Expand the Record (Doc. No. 25), Petitioner asks that the Return of Writ attachments and exhibits be added to the record. Since these materials are already part of the record, the Motion is denied as moot.

In his Motion for Evidentiary Hearing (Doc. No. 26), Petitioner explains that such a hearing is needed "to answer questions posed in Petitioner's Objections . . ." *Id.* at PageID 382. For any claims decided on the merits by the state courts, a federal district court is precluded from obtaining evidence at an evidentiary hearing on the question whether the state court decision was contrary to or an unreasonable application of clearly established Supreme Court precedent. *Cullen v. Pinholster,* 563 U.S. ___, 131 S.Ct. 1388 (2011). Even if that hurdle is cleared, a habeas

2

petitioner cannot obtain an evidentiary hearing to introduce evidence which he could have introduced in the state courts with the exercise of due diligence. *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). In sum, a habeas court cannot hold an evidentiary hearing merely to answer questions posed in objections to a report and recommendations. The Motion for Evidentiary Hearing is denied.

October 5, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge