IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

KENNETH ROSE,

    Petitioner,

        -vs-

STATE OF OHIO et al.,

    Respondents.

:

:

:

Case No. 1:11-cv-700

District Judge S. Arthur Spiegel
Magistrate Judge Michael R. Merz

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This is habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 22) to the Magistrate Judge's Report and Recommendations (Doc. No. 17) recommending that the Petition be dismissed with prejudice.  Judge Spiegel has recommitted the Report for reconsideration in light of the Objections (Doc. No. 28).

Petitioner has made eighteen specific objections which will be dealt with seriatim.

**Objection No. 1.**  The Report states at page 3 (PageID 351) that Petitioner has not filed a reply/traverse although Magistrate Judge Litkovitz set a date for a reply to be filed.  Petitioner objects that "incorrectly infers Petitioner received notification of a deadline to Traverse." (PageID 372).  The docket shows the Order to show cause (Doc. No. 2) states: "Petitioner may, not later than twenty-one (21) days after the answer is filed, file and serve a response to the return of writ."  PageID 45.  The docket shows that copies of that Order were sent by certified mail to the Ohio Attorney General and the "Warden" of the Butler County Jail, but does not show that a

1

copy was ever sent to Petitioner.  Petitioner's first objection is well taken and the Report is amended to reflect the facts as set forth in this paragraph.

**Objection 2.**  The Report states that Mr. Rose was indicted in the 691 case before he was sentenced in the 056 case.   He objects that he was actually indicted in the 691 case "the following day," presumably meaning the day after sentencing in the 056 case.  The Report relies on the following statement in the court of appeals' opinion on direct appeal:   "On the day of sentencing, Rose withdrew his not-guilty plea and pleaded guilty to one count of unlawful sexual conduct with a minor in the case numbered B-0904691."

The Return of Writ reflects that Mr. Rose pled guilty in the 056 case on May 20, 2009, and the indictment in the 691 case was returned July 10, 2009 (Indictment, PageID 119).   This was in fact the day after sentencing was first set in the 056 case, July 9, 2009.   After the new indictment, sentencing was re-set in both cases for July 24, 2009.   The correct sequence is that Mr. Rose was indicted in 691 while awaiting sentencing in 056.

**Objection 3**.  Mr. Rose objects that the Report at page three "incorrectly infers a motion to withdraw pleas was decided without a full evidentiary hearing where in fact a full evidentiary hearing was held with the 'wrong Rose' present."   (PageID 372).   In fact, nothing at all is said on page 3 of the Report (PageID 351) about an evidentiary hearing on the motion to withdraw.

**Objection 4.**  Mr. Rose objects (PageID 372) that the Report at page 5 (PageID 353) "omits that the voluntariness-determination at the plea colloquy was in the context of being threatened in to

2

pleading guilty." He then refers to the plea colloquy transcripts generally, without any specific citation. In fact, the plea colloquies do not show any threats at all. In the May 20, 2009, plea colloquy, Judge Mallory asked Mr. Rose if anyone had threatened him to get him to plead guilty and he answered "No, sir." (Return of Writ, PageID 254.) When he pled guilty in the 691 case, Judge Mallory asked him the same question and he again answered "no." *Id.* PageID 275.

**Objections 5 and 6.** Mr. Rose objects to the conclusion (Report, PageID 355-356) that counsel did not provide ineffective assistance by telling him he would be eligible for judicial release. The objection is that he is eligible "10 or more years later than promised." (Objections, Doc. No. 22, PageID 372.)

The Petition claims "Trial counsel also assured Defendant that Defendant would be eligible for judicial release" without specifying when (Petition, Doc. No. 3, PageID 32). Nothing is said about a date of eligibility, nor was anything in the record on this point when it was argued to and decided by the Hamilton County Court of Appeals. Mr. Rose has never denied that his lawyer told him repeatedly that judicial release would not be granted.

**Objection 7.** This Objection merely cumulates Mr. Rose's prior objections to the recommendation that the First Ground for Relief be dismissed with prejudice.

**Objection 8.** Mr. Rose objects to the conclusion that this Court is limited to considering facts of record on his ineffective assistance of trial counsel claim which were before the state courts. He says that these facts were introduced by his applications for reopening under Ohio R. App. P.

3

26(A) and (B).  This argument ignores the difference between appellate courts and courts of original jurisdiction.   Under Ohio law, a defendant is not entitled to an evidentiary hearing on a 26(B) application;.  ineffectiveness may not be argued by adding new matter to the record on appeal and then arguing counsel should have raised issues revealed by the added matter.  *Id. State v. Hooks*, 92 Ohio St. 3d 83 (2001)**.**  In other words, an appellant cannot expand the record with new factual material on a 26(A) or 26(B) application.

**Objection 9.**  This Objection merely cumulates Mr. Rose's prior objections to the recommendation that the Second Ground for Relief be dismissed with prejudice.

**Objection 10.**  This Objection is without merit for the same reasons given as to Objection 8.

**Objection 11.**  No further analysis is needed on this Objection.

**Objection 12.**  In Objection 12, Mr. Rose claims the Report "infers incorrectly that Christine Jones wouldn't want Petitioner present at the hearing to withdraw pleas."   The Report notes that there is nothing present in the record from which to infer anything different.

**Objection 13.**  At the hearing on the motion to withdraw the guilty pleas, Mr. Rose's new counsel, Christine Jones, had an affidavit from the attorney who represented Rose at the time of the plea, Geoffrey Pittman (Return of Writ, Doc. No. 13, PageID 132-134).  Regarding judicial release, the Pittman Affidavit states:

> 5. I had numerous conversations with Mr. Rose regarding all aspects of sentencing, including the possibility of judicial release. I repeatedly gave my opinion that he would not be granted judicial release, but I did erroneously inform him that he would be eligible for judicial release. (I later discovered he was not statutorily eligible because his sentence was longer than 10 years.) It was not until after sentencing that Mr. Rose was given the correct information regarding his status as ineligible for judicial release.

*Id.* As it turns out, the supposedly incorrect advice – that Rose was ineligible for judicial release – was in fact correct, as the court of appeals found. *State v. Rose*, Case No. C-090609 (Ohio App. 1st Dist. June 2, 2010)(unreported, copy at Return of Writ, Doc. No. 13, Ex. 13, at PageID 173-175.) The court of appeals also found "there is simply no evidence to suggest that Rose's belief that he would be eligible for judicial release induced his guilty plea."

Petitioner's Objection 13 is that the Pittman Affidavit did not clarify "the paramount importance Petitioner placed on Judicial Release eligibility in five years." (Objections, Doc. No. 22, PageID 374.) But Petitioner gives absolutely no credible explanation of how he could have placed such importance on a legal possibility which his counsel repeatedly told him would not happen. He again asserts that these facts could have been developed if his 26(B) application had been granted, which is incorrect for the reasons given regarding Objection 8. But even if he had been able to place in the record his own statement that judicial release eligibility after five years was of "Paramount Importance," why would any court have believed him?

**Objection 14.** This Objection merely cumulates Mr. Rose's prior objections to the recommendation that the Third Ground for Relief be dismissed with prejudice.

5

**Objection 15**. This Objection is well taken for the same reasons given as to Objection 1.

**Objection 16.** On direct appeal, Petitioner claimed he received an excessive sentence but argued the claim only under Ohio law. His appellate attorney did not argue that the sentence violated the United States Constitution. In this Objection, Mr. Rose says he now understand that Christine Jones failed to preserve such a claim. He "asks the court to consider this a newly discovered factual predicate of ineffective assistance of appellate counsel."

This objection is not well taken. The presence or absence of an Eighth Amendment claim in the brief on direct appeal would have been obvious to Mr. Rose when he first saw it, and therefore it cannot be "newly discovered." It is perhaps correct that he now understands for the first time the legal significance of the omission, but that is not relevant.

Secondly, if he wished to rely on the asserted ineffectiveness of his appellate counsel as cause to excuse the procedural default of this claim, he would have had to present that aspect of the ineffective assistance of appellate counsel claim to the Ohio Court of Appeals in the first instance. *Edwards v. Carpenter,* 529 U.S. 446 (2000).

Third, even if this Court could reach this claim of ineffective assistance of appellate counsel, it would be without merit. The sentences imposed are well within the statutory limits for these offenses under Ohio law and Petitioner was advised at the plea colloquy that he could face up to the maximum. He offers no clearly established Supreme Court precedent to the effect that the sentences he received violate the United States Constitution.

**Objections 17 and 18.**  These Objections merely cumulate the individual objections Petitioner has made.

### Conclusion

Having reconsidered the Report in light of the Objections, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice, that Petitioner be denied a certificate of appealability, and that the Court certify an appeal would not be taken in objective good faith.

October 12, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).